UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY R. RHOADES,<br><br>   Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>   Defendant. | No.  2:18-cv-1264-KJN<br><br><br>FINDINGS AND RECOMMENDATIONS AND ORDER |

On May 17, 2018, Plaintiff filed a complaint against Defendant challenging the ALJ's denial of benefits under 42 U.S.C. § 405(g).  (ECF No. 1.)  The parties agree that the ALJ's determination was lacking in Step Five of the analysis (per 20 C.F.R. § 404.1520(4)).  They disagree, however, as to the appropriate remedy, with Defendant seeking remand for further proceedings and Plaintiff seeking resolution of the Step Five analysis in this forum.  For the reasons that follow, the Court RECOMMENDS Plaintiff's motion be denied and Defendant's motion be granted.

**<u>DISCUSSION</u>**

Plaintiff filed his motion for summary judgment on December 28, 2018, contending the ALJ erred in analyzing Step Five (under 20 C.F.R. § 404.1520(4)).  (ECF No. 14).  Specifically, Plaintiff argues the ALJ errantly relied upon the testimony of a vocational expert who stated there were two titles in the DOT (Dictionary of Occupational Titles) for which Plaintiff would be

1

qualified, despite his disability. Plaintiff maintains these two jobs—"Addresser" and "Document Preparer"—are obsolete on their face, and the latter "cannot be done by a worker with Plaintiff's RFC" (residual functional capacity). (Id.)

Defendant responded, largely agreeing with Plaintiff. (See ECF No. 17 at 2:12–15) ("The Commissioner agrees that remand is warranted for further development of the step five finding regarding whether there are a significant number of jobs, which exist in significant numbers in the national economy, that Plaintiff can perform."). Defendant requests the Court "issue an order to the agency to assign Plaintiff's case to an ALJ, who will: re-evaluate the medical opinion evidence of record; reassess Plaintiff's maximum residual functional capacity; as warranted, obtain supplemental vocational expert evidence; take any other action necessary; and issue a new decision." (Id.) Defendants maintain this is the only remedy allowed by law. (Id.)

Plaintiff disagrees with Defendant's proposed remedy, arguing "remand for further proceedings would unnecessarily delay the resolution of this matter for an additional year or more," and would be "completely unnecessary." (ECF No. 14.) Instead, Plaintiff requests Defendant be allowed to submit to this Court "alternative job titles, DOT numbers, and job incidence data of jobs that exist in significant numbers in the national economy and [that] are able to be performed by an individual with the Plaintiff's RFC." (Id.) Plaintiff proposes a briefing schedule, and requests that if the Court finds for Plaintiff, it should remand for benefits. (Id.)

Plaintiff's requested remedy goes beyond the authority granted to the courts. As Defendant rightly argues, the governing statute directs the agency, not the courts, to "make findings of fact, and decisions as to the rights of any individual applying for [disability benefits]." 42 U.S.C. § 405(b)(1). Only after this finding has occurred may a court review such findings, as review must be based on "the record before [the court.]" Treichler v. Comm'r of Soc. Sec., 775 F.3d 1090, 1099 (9th Cir. 2014); see also Meneses v. Sec'y of Health, Ed. & Welfare, 442 F.2d 803, 809 (D.C. Cir. 1971) (finding that judicial notice could not be taken as to whether there were jobs available in the national economy for purposes of step five determination, where such information was not considered by the agency). As Plaintiff recognizes, the record is not fully developed, and so under the statute the ALJ must make such findings. Leon v. Berryhill, 880

F.3d 1041, 1047 (9th Cir. 2017) ("It is only rare circumstances that result in a direct award of benefits [and] only when the record clearly contradicted an ALJ's conclusory findings and no substantial evidence within the record supported the reasons provided by the ALJ for denial of benefits.");[1] see also Graham v. Colvin, 2016 WL 4211893, at *13 (D. Or. Aug. 9, 2016) (where the ALJ's analysis failed in its step four analysis, a remand to resolve the factual issues was appropriate—and not a remand for benefits—because under Treichler, the record "must be fully developed and further administrative proceedings would serve no useful purpose."); Villa v. Colvin, 2015 WL 13227442, at *10 (W.D. Wash. Dec. 18, 2015) (finding remand to be appropriate where "issues must be resolved concerning [p]laintiff's functional capabilities and her ability to perform other jobs existing in significant numbers in the national economy."). To be sure, the Court sympathizes with Plaintiff that remand will cause further delay, but this alone cannot be the basis for Plaintiff's requested relief. See Treichler, 775 F.3d at 1106.

Finally, Plaintiff requests that should the Court determine a remand is appropriate, such an order should cabin the scope of the ALJ's review only to the Step Five proceedings. Plaintiff argues that Defendant's proposed remand language is "so broad that would effectively start the entire proceedings over de novo." It appears that the ALJ's determination on earlier steps is not in dispute, and the crux here rests with the ALJ's Step Five determination. Thus, the Court remands primarily for a proper determination on this last step, and recommends the ALJ investigate other issues only as absolutely necessary to issue a new decision.

///

///

///

---

[1] Further, the court in Treichler considered the statement that "in rare circumstances" remand may not be necessary, observing that:
> The Supreme Court has not defined what "rare circumstances" would justify a departure from the ordinary remand rule. An early case suggested that those circumstances would arise only when remand would be a mere formality. In later decisions, the Supreme Court has frowned upon deviations from the ordinary remand rule and has reversed decisions where we declined to remand to the agency after detecting an error.

775 F.3d at 1099 (citations omitted). Like Treichler, this case is not a "rare circumstance."

# **ORDER**

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a United States District Judge to this action.

IT IS ALSO HEREBY RECOMMENDED that:

1. Defendant's Motion to Remand be GRANTED;
2. Plaintiff's Motion for Summary Judgment be DENIED; and
3. The final decision of the Commissioner of Social Security be REVERSED and the action be REMANDED to the Commissioner for further administrative proceedings consistent with this opinion.

In light of those recommendations, IT IS ALSO ORDERED that all pleading, discovery, and motion practice in this action are STAYED pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations, and non-frivolous motions for emergency relief, the court will not entertain or respond to any motions or filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: July 11, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

rhoad.1264