UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY R RHOADES,<br><br>    Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No. 2:18-cv-1264 JAM KJN<br><br><u>ORDER DENYING STIPULATED EAJA AWARD; AND</u><br><u>FINDINGS AND RECOMMENDATIONS TO GRANT EAJA AWARD</u><br><br>(ECF No. 22.) |

Plaintiff filed a complaint against the Commissioner of Social Security concerning the ALJ's denial of benefits. (ECF No. 1.) The underlying action proceeded before the undersigned pursuant to Local Rule 302(c)(15), but not all parties consented to the jurisdiction of the magistrate judge. (<u>See</u> ECF No. 7.) On July 11, 2019 the undersigned entered findings and recommendations for the case to be remanded for further administrative proceedings. (ECF No. 19). No objections were filed, and the district court adopted the F&Rs and entered judgment on August 8, 2019. (ECF No. 20.) Within 30 days of final judgment,[1] Plaintiff filed a stipulation for EAJA Attorney Fees, and submitted a proposed order for review by the undersigned. (ECF No.

---

[1] The stipulation and proposed order was submitted on October 28, 2019—more than 30 days after entry of the judgment. However, under the Ninth Circuit's calculation of time for final judgments under the EAJA, a plaintiff actually has 90 days from the entry of judgment given the U.S.'s ability to appeal the decision within 60 days. <u>See</u> <u>Brown (Willadsen) v. Shalala</u>, 859 F. Supp. 1304, 1307 (E.D. Cal. 1994) (citing 28 U.S.C § 2412 (a "final judgment" means a judgment that is final and not appealable . . . .")).

1

22.)

For the reasons that follow, Plaintiff's request for the magistrate judge to order the stipulated EAJA fees is DENIED. Instead, the undersigned submits the matter on findings and recommendations for the district court's review.

**Analysis**

Under 28 U.S.C. § 636(b)(1)(A), a district judge may designate a magistrate judge to hear any non–dispositive pretrial matter pending before the court. Section 636(b)(1)(B) allows the district court to authorize a magistrate judge to "conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact, and recommendations for the disposition" of motions that the magistrate cannot dispose of under section 636(b)(1)(A). Local Rule 302(c)(17) has so delegated proceedings brought under 42 U.S.C. to "review a final decision of the Commissioner of Social Security, including dispositive and non–dispositive motions and matters. However, a United States Magistrate may not enter a final judgment without the consent of all parties. 28 U.S.C. § 636(c); see also Williams v. King, 875 F.3d 500, 503-04 (9th Cir. 2017); Robert Ito Farm, Inc. v. Cty. of Maui, 842 F.3d 681, 686 (9th Cir. 2016) ("Where the magistrate judge has not received the full consent of the parties, he has no authority to enter judgment in the case, and any purported judgment is a nullity.") (quoting Kofoed v. Int'l Bhd. of Elec. Workers, Local 48, 237 F.3d 1001, 1004 (9th Cir. 2001)).

Here, the parties have stipulated as follows:

1. "That Plaintiff, Jeffrey R. Rhoades, be awarded attorney fees and expenses in the amount of six thousand nine hundred dollars ($6,900.00) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and no costs under 28 U.S.C. § 1920. This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d)."

2. After the Court issues an order for EAJA fees to Jeffrey R. Rhoades, the government will consider the matter of Jeffrey R. Rhoades' assignment of EAJA fees to The Metsker Law Firm. Pursuant to Astrue v. Ratliff, 130 S. Ct. 2521, 2529 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the

|   |   |
|---|---|
| 1 | United States Department of the Treasury's Offset Program. After the order for EAJA |
| 2 | fees is entered, the government will determine whether they are subject to any offset. |
| 3 | 3. Fees shall be made payable to Jeffrey R. Rhoades, but if the Department of the Treasury |
| 4 | determines that Jeffrey R. Rhoades does not owe a federal debt, then the government shall |
| 5 | cause the payment of fees and expenses to be made directly to The Metsker Law Firm, |
| 6 | pursuant to the assignment executed by Jeffrey R. Rhoades. Any payments made shall be |
| 7 | delivered to The Metsker Law Firm. |
| 8 | 4. This stipulation constitutes a compromise settlement of Jeffrey R. Rhoades' request for |
| 9 | EAJA attorney fees, and does not constitute an admission of liability on the part of |
| 10 | Defendant under the EAJA or otherwise. Payment of the agreed amount shall constitute a |
| 11 | complete release from, and bar to, any and all claims that Jeffrey R. Rhoades, John D. |
| 12 | Metsker and/or The Metsker Law Firm may have relating to EAJA attorney fees in |
| 13 | connection with this action. This award is without prejudice to the rights of John D. |
| 14 | Metsker and/or The Metsker Law Firm to seek Social Security Act attorney fees under 42 |
| 15 | U.S.C. § 406(b), subject to the savings clause provisions of the EAJA. |

(ECF No. 22.) The parties submitted this stipulation as a part of a proposed order, and have requested the approval of the magistrate judge (Id.)

The undersigned is not opposed to the substance of the parties' stipulation. Given that Plaintiff obtained a voluntary remand after submitting his motion for summary judgment, the administrative record in this case is over 1000 pages, and the rates set by the Ninth Circuit's rules, an award of $6,900.00 appears more than reasonable. The procedure concerning the assignment of fees also appears appropriate. Further, the amount also appears to be the product of negotiations between the parties as a compromise. Thus, the undersigned finds that this award of fees, as defined by the stipulation, should be approved.

However, an award of attorney fees is a final judgment that requires jurisdiction. See Estate of Conners v. O'Connor, 6 F.3d 656, 658 (9th Cir.1993) (magistrate judge lacks authority to enter final order on post–judgment motion for attorney's fees without the consent of all parties); see also, e.g., Jackson v. Bd. of Trustees of Wolf Point, Montana, 2014 WL 1794551, at

*1 (D. Mont. Apr. 21, 2014) (where the parties had not consented to the jurisdiction of the magistrate judge, the court resolved the post-judgment motion for attorney's fees on findings and recommendations for review by the district court). Thus, the undersigned cannot sign off on parties' proposed order. Instead, the matter will be submitted on findings and recommendations for review by the presiding district judge. After the recommendation is entered, the parties will be given 14 days to file objections. Thereafter, the district court will review the motion as his calendar allows. See http://www.caed.uscourts.gov/caednew/index.cfm/news/important-letter-re-caseload-crisis/

Accordingly, IT IS HEREBY RECOMMENDED that the parties' stipulation as to plaintiff's receipt of Equal Access to Justice Act ("EAJA") fees under 28 U.S.C. § 2412(d) (ECF No. 22) be approved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 31, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

rhoa.126

4