UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY R. RHOADES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | No.  2:18-cv-1264-JAM KJN<br><br>FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 25.) |

Presently pending before the court is counsel for plaintiff John David Metsker's motion for attorneys' fees pursuant to 42 U.S.C. § 406(b), filed on October 7, 2020.  (ECF No. 25.)[1] Plaintiff's counsel seeks an award of $14,047.41 (25% of plaintiff's past due benefits of $56,189.64 as calculated by the Commissioner of Social Security.)  The Commissioner filed a response to counsel's motion pursuant to its role as trustee.  (ECF No. 28.)  The Commissioner took no position on the reasonableness of the fee, but asserted that the EAJA fee previously paid to plaintiff's counsel should be refunded to plaintiff (and not offset, as counsel requested.)

The court grants the motion for attorneys' fees in part under 42 U.S.C. § 406(b).

///

///

---

[1] This case was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(15) for the entry of findings and recommendations.  (ECF Nos. 7, 9.)

1

**BACKGROUND**

The facts and procedural history of this case were extensively outlined in the court's previous orders and need not be repeated here. (See ECF No. 19.) Briefly stated, on July 11, 2019, the court recommended the matter be remanded under sentence four of 42 U.S.C. § 405(g). (Id.) The district court adopted the findings in full. (ECF No. 20.)

Subsequently, on October 28, 2019, the parties stipulated to an award for attorney's fees under the Equal Access to Justice Act ("EAJA"). (ECF No. 22.) The court recommended granting the stipulated fee, and the district court again adopted the recommendations in full. (ECF No. 23, 24.) On October 7, 2020, plaintiff's counsel filed the instant motion for attorneys' fees under 42 U.S.C. § 406(b), asserting that after remand, plaintiff received a favorable decision and award for benefits. (See ECF No. 25.) The Commissioner filed a response. (ECF No. 29.)

**DISCUSSION**

Title 42 U.S.C. § 406(b) provides, in part, that:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). Unlike fee-shifting provisions where the losing party is responsible for attorneys' fees, the attorneys' fees provision in 42 U.S.C. § 406(b) is paid by the claimant out of the past-due benefits awarded. Gisbrecht v. Barnhart, 535 U.S. 789, 802 (2002).

The Commissioner typically does not act as an adversary, but instead as an adviser to the court with respect to fee requests under 42 U.S.C. § 406(b). Crawford v. Astrue, 586 F.3d 1142, 1144 n. 2 (9th Cir. 2009) (en banc) ("The Commissioner plays a part in the fee determination resembling that of a trustee for the claimants."). However, "[b]ecause the [Commissioner] has no direct interest in how much of the award goes to counsel and how much to the disabled person,

2

the district court has an affirmative duty to assure that the reasonableness of the fee is established." Crawford, 586 F.3d at 1149.

In Crawford, the Ninth Circuit Court of Appeals extensively discussed how the reasonableness of the fee within the 25% cap is to be determined. The court noted that although the Ninth Circuit had previously utilized the lodestar method to determine the reasonableness of fees under 42 U.S.C. § 406(b), i.e., "by multiplying the reasonable hourly rate by the number of hours reasonably expended on the case" with consideration of possible enhancements, the approach changed after the United States Supreme Court's decision in Gisbrecht v. Barnhart, 535 U.S. 789 (2002). Crawford, 586 F.3d at 1148. The Ninth Circuit observed that:

> In Gisbrecht, the Supreme Court flatly rejected our lodestar approach. The court explained that we had "erroneously read § 406(b) to override customary attorney-client contingent-fee agreements" when we approved the use of the lodestar to determine a reasonable fee, Gisbrecht, 535 U.S. at 808-09. The Court held that a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect "the primacy of lawful attorney-client fee agreements," id. at 793, "looking first to the contingent-fee agreement, then testing it for reasonableness," id. at 808. The Court noted that courts that had followed this model had "appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." Id. A fee resulting from a contingent-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the "benefits are large in comparison to the amount of time counsel spent on the case." Id. "[A]s an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement," but "not as a basis for satellite litigation," the court may require counsel to provide a record of the hours worked and counsel's regular hourly billing charge for noncontingent cases. Id. The attorney bears the burden of establishing that the fee sought is reasonable. Id. at 807.

Id. Thus, performance of the district court's duty to assure reasonableness of the fee "must begin, under Gisbrecht, with the fee agreement, and the question is whether the amount need be reduced, not whether the lodestar amount should be enhanced." Id. at 1149, 1151 ("the district court must first look to the fee agreement and then adjust downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall").

3

In support of his motion for attorneys' fees under 42 U.S.C. § 406(b), plaintiff's counsel attached an attorney-client agreement, which provided for a contingent fee of 25% of any past due benefits awarded in plaintiff's case pursuant to 42 U.S.C. § 406(b). (ECF No. 25-1.) In light of the guidance provided in Crawford, the court finds plaintiff's counsel's fee request to be reasonable. As an initial matter, agreements providing for fees of 25% of past due benefits are the "most common fee arrangement between attorneys and Social Security claimants." Crawford, 586 F.3d at 1147. Additionally, the undersigned does not find any indication that plaintiff's counsel performed substandard work or unduly delayed the case; to the contrary, plaintiff's counsel's work over several years ultimately resulted in a fully favorable decision for plaintiff and an award of back benefits. Furthermore, the total amount sought ($14,047.41) does not appear to be disproportionate to the amount of time plaintiff's counsel spent on the case. In his briefing, plaintiff's counsel suggests that he spent approximately 38.2 hours on the case, which equates to a rate of approximately $368 per hour. It is important to note that plaintiff's counsel also assumed the risk of receiving no compensation, as plaintiff's application was denied in full at the administrative level. (ECF No. 14.) The court finds that the fee amount requested is reasonable in light of the several years of litigation and the result achieved, and cannot be said to amount to a windfall to plaintiff's counsel.

Finally, the court notes the Commissioner's assertion that Section 406(b) mandates the refund of the lesser of the EAJA and 406(b) fees, and does not allow for an offset as counsel requests. (See ECF No. 28 at 4-8.) The court concurs, and will recommend payment of the 406(b) fees to counsel and refund to plaintiff of the EAJA award, and not a single payment to counsel with an offset. Gisbrecht, 535 U.S. at 796 ("Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee.").

## **RECOMMENDATIONS**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Counsel's motion for attorney's fees under 42 U.S.C. § 406(b) (ECF No. 25) is GRANTED IN PART;

2. The Commissioner shall pay counsel in this case the sum of $14,047.41 in attorneys' fees under 42 U.S.C. § 406(b); and

3. Plaintiff's counsel shall reimburse plaintiff $6,900.00 in previously awarded EAJA fees.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time frame may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 722 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated: October 15, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

rhoa.1264